

FILED & ENTERED

AUG 01 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis      DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Phenomenon Marketing & Entertainment, LLC, Debtor and Debtor-in-Possession. | Case No.: 2:22-bk-10132-ER<br>Chapter:   11<br><br>**MEMORANDUM OF DECISION REINSTATING DEBTOR'S ELIGIBLITY TO PROCEED UNDER SUBCHAPTER V OF CHAPTER 11**<br><br>**[RELATES TO DOC. NO. 206]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

On April 28, 2022, upon the motion of 5900 Wilshire LLC ("5900 Wilshire"), the Court entered a Memorandum of Decision (the "Memorandum")[1] and accompanying order (the "Designation Order")[2] finding that Phenomenon Marketing & Entertainment, LLC (the "Debtor") was not eligible to proceed either as a Subchapter V debtor or as a small business debtor. The Court ordered that the Debtor's case would proceed under the other applicable provisions of Chapter 11.[3]

Before the Court is the Debtor's motion (the "Motion") to reinstate its eligibility to proceed as a small business debtor under Subchapter V in view of the enactment of the *Bankruptcy Threshold Adjustment and Technical Corrections Act* (the "Act"). The Motion is opposed by 5900 Wilshire.[4]

---

[1] Doc. No. 143.
[2] Doc. No. 144.
[3] Doc. No. 144.
[4] The Court reviewed the following pleadings in adjudicating this matter:
  1) Motion to Reinstate Debtor's Status as a Subchapter V Debtor [Doc. No. 206] (the "Motion");

Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[5] the Court finds the Motion to be suitable for disposition without oral argument. For the reasons set forth below, the Motion is **GRANTED**, and the hearing on the Motion, set for August 3, 2022 at 11:00 a.m., is **VACATED**.

## I. Facts and Summary of Pleadings

The Act alters the definition of "debtor" for purposes of Subchapter V eligibility, and became law on June 21, 2022. The Act provides that the definitional change applies to any case commenced on or after March 27, 2020 that "is pending on the date of enactment of this Act."[6]

Prior to enactment of the Act, any debtor that was an affiliate of an "issuer," as defined in section 3 of the Securities Exchange Act of 1934 (the "Exchange Act"), was not eligible to proceed under Subchapter V.[7] The Exchange Act defines an "issuer" as "any person who issues or proposes to issuer any security."[8] The Court found that the Debtor was not eligible to proceed under Subchapter V because it was an affiliate of entities who had issued securities.[9]

The Act broadens the scope of debtors who are eligible to proceed under Subchapter V. As opposed to excluding from eligibility a debtor who is an affiliate of an issuer, current law excludes only a "debtor that is an affiliate of a corporation" that is "subject to the reporting requirements under section 13 or 15(d)" of the Exchange Act.[10] Put in plain language, only debtors who are affiliates of publicly-traded corporations are now excluded from proceeding under Subchapter V. Under prior law, debtors could be excluded if they were affiliates of any corporation, even if not publicly-traded, because non-publicly-traded corporations are capable of issuing securities.

As explained in the Memorandum determining that the Debtor was not eligible to proceed under Subchapter V, there is no dispute that the corporations affiliated with the Debtor are *not* publicly-traded.[11]

The Debtor moves for an order reinstating its eligibility to proceed under Subchapter V in view of the retroactive changes that the Act made with respect to Subchapter V eligibility. 5900 Wilshire opposes the Motion. Significantly, 5900 Wilshire does not dispute that the Debtor falls within the Act's definition of debtors eligible to proceed under Subchapter V. Instead, 5900

---

2) Objection to Motion to Reinstate Debtor's Status as a Subchapter V Debtor [Doc. No. 209]; and
3) Debtor's Reply to Objection to Motion to Reinstate Debtor's Status as a Subchapter V Debtor [Doc. No. 213].

[5] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.
[6] Act at ¶ 2(h).
[7] 11 U.S.C. § 1182(1)(B)(iii) (version in effect prior to enactment of the Act).
[8] 15 U.S.C. § 78c(a)(8).
[9] Doc. No. 143 at 4–5.
[10] 11 U.S.C. § 1182(2)(B)(iii) (current version).
[11] Doc. No. 143 at 7.

Wilshire argues that the Debtor is barred from seeking to proceed under Subchapter V because it failed to timely appeal the Designation Order. 5900 Wilshire relies upon *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995) for the proposition that as applied to the instant case, the Act is unconstitutional, because it requires the Court to revisit the Designation Order, which according to 5900 Wilshire is a final judgment that cannot be modified by retroactive legislation. The Debtor contends that *Plaut* is inapplicable because its request that it be allowed to proceed under Subchapter V does not amount to a request to revisit a final judgment.

## II. Findings of Fact and Conclusions of Law

In *Plaut v. Spendthrift Farm*, 514 U.S. 211 (1995), the Supreme Court considered the constitutionality of the Federal Deposit Insurance Corporation Improvement Act of 1991 (the "FDIC Improvement Act"). The FDIC Improvement Act modified the statute of limitations applicable to certain private civil actions brought under the Exchange Act, such that certain actions that had previously been dismissed with prejudice as time-barred would have to be reopened and litigated. The Supreme Court found that "[b]y retroactively commanding the federal courts to reopen final judgments," the FDIC Improvement Act contravened the Constitution's separation of powers. *Plaut*, 514 U.S. at 219.

The Court does not agree with 5900 Wilshire's assertion that the Act violates the separation-of-powers principles articulated in *Plaut*. The Designation Order is not a final judgment of the type considered by the Supreme Court in *Plaut*. The primary effect of the Designation Order, at least as it concerns 5900 Wilshire, is to make it far more difficult for the Debtor to confirm a Chapter 11 Plan over 5900 Wilshire's opposition. If the Debtor were allowed to proceed under Subchapter V, it could confirm a Plan over 5900 Wilshire's opposition as long as the Plan distributed all of the Debtor's projected disposal income to creditors. § 1191(c)(2). By contrast, outside of Subchapter V, the Debtor could confirm a Plan over 5900 Wilshire's opposition only if it satisfied the cram-down provisions specified in § 1129(b). Meeting § 1129(b)'s cram-down provisions is a much higher hurdle for the Debtor to overcome than meeting § 1191(c)(2)'s requirements with respect to the distribution of projected disposal income.

The point is that modifying the Designation Order by allowing the Debtor to proceed under Subchapter V will affect future litigation in this case—specifically, the law that will apply in connection with the confirmation of a Chapter 11 Plan. In this sense the Designation Order differs fundamentally from the final judgments at issue in *Plaut*. The retroactive legislation at issue in *Plaut* would have required the courts to reopen final judgments in cases that had already been dismissed with prejudice. By contrast, modification of the Designation Order will affect future events in this ongoing case that the Court has not yet adjudicated. The Court will be required to determine the law that applies in connection with confirmation of the Debtor's Chapter 11 Plan regardless of what decision it makes on the Debtor's Subchapter V eligibility. Therefore, by retroactively modifying the definition of debtors eligible for Subchapter V, Congress is not commanding the courts to reopen final judgments in violation of the Constitution's separation-of-powers principles. Congress is instead modifying the law that applies in connection with the Debtor's ongoing attempts to restructure its indebtedness through a Chapter 11 Plan.

5900 Wilshire next argues that the Debtor is precluded from seeking to reinstate its eligibility to proceed under Subchapter V because it failed to timely appeal the Designation Order. In support of this proposition, 5900 Wilshire cites *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2c 1291, 1293 (9th Cir. 1982), in which the court held that a plaintiff who had failed to appeal the

entry of an order granting summary judgment was not entitled to relief from that order after a decision rendered in connection with a different appeal in the same case cast doubt upon the basis for the entry of summary judgment. The *Plotkin* court reasoned that "[a]llowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments." *Plotkin*, 688 F.2d at 1293.

*Plotkin* does not apply because there was no basis for the Debtor to appeal the Designation Order at the time it was entered. The Act, which modified the definition of debtors eligible to proceed under Subchapter V, did not become law until well after the Debtor's period to appeal the Designation Order had expired. Therefore, by failing to appeal the Designation Order, the Debtor was not engaging in an attempt to "circumvent the appeals process" like that engaged in by the plaintiff in *Plotkin*. The Court finds that the concerns motivating the decision in *Plotkin* are inapplicable to the present case, in which the Debtor seeks relief based upon a retroactive change in legislation enacted by Congress.

The only basis for the Court's prior determination that the Debtor was not eligible to proceed under Subchapter V was that the Debtor was affiliated with non-publicly-traded corporations. The Act restricts Subchapter V eligibility only to debtors that are affiliates of publicly-traded corporations. There is no dispute that the Debtor is *not* an affiliate of any publicly-traded corporation. 5900 Wilshire has not asserted any reason why the Debtor would not be eligible to proceed under Subchapter V under the broadened definition made applicable by the Act. Because the Court finds that 5900 Wilshire's objections based upon *Plaut* and *Plotkin* are without merit, 5900 Wilshire's opposition to the Motion is **OVERRULED**.

## III. Conclusion

Based upon the foregoing, the Motion is **GRANTED**. The Debtor qualifies as a "small business debtor" for purposes of § 101(51D) and is eligible to proceed under Subchapter V. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: August 1, 2022

Ernest M. Robles
United States Bankruptcy Judge