

FILED & ENTERED

JAN 20 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Phenomenon Marketing & Entertainment, LLC,<br><br>              Debtor and Debtor-in-Possession.<br><br>In re:<br><br>Phe.no, LLC,<br><br>              Joint Debtor and Debtor-in-Possession. | Lead Case No.: 2:22-bk-10132-ER<br>Chapter:   11<br><br>**MEMORANDUM OF DECISION GRANTING MOTION TO SEAL PORTIONS OF SEPARATION AGREEMENT**<br><br>**[RELATES TO DOC. NO. 282]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b), Federal Rule of Bankruptcy Procedure 9018, and Local Bankruptcy Rule 9013-1(j)(3)] |

Before the Court is the Debtors' motion for authorization to file under seal (the "Motion to Seal")[1] redacted portions of a *Confidential Separation Agreement and Mutual Release* (the "Separation Agreement").[2] The Motion to Seal is opposed by the United States Trustee (the "UST") and Cappello Global, LLC ("Cappello"). Pursuant to Civil Rule 78(b),[3] Bankruptcy Rule

---

[1] Doc. No. 282. (Unless otherwise indicated, all "Doc. No." references are to the docket of the lead case, Phenomenon Marketing & Entertainment, LLC, Case No. 2:22-bk-10132-ER.)

[2] Doc. No. 279, Ex. 1.

[3] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

9018,[4] and LBR 9013-1(j)(3), the Court finds the Motion to Seal to be suitable for disposition without oral argument. For the reasons set forth below, the objections of the UST and Cappello are **OVERRULED**, and the Motion to Seal is **GRANTED**.[5]

## I. Facts and Summary of Pleadings

On January 10, 2022, Phenomenon Marketing & Entertainment, LLC ("Phenomenon") filed a voluntary Chapter 11 petition and elected treatment under Subchapter V. Phenomenon is a marketing agency. On February 9, 2022, Phe.No LLC ("Phe.No," and together with Phenomenon, the "Debtors") filed a voluntary Chapter 11 petition and elected treatment under Subchapter V. Phe.No holds a 100% interest in Phenomenon. Ranvir Gujral ("Gujral") signed the petitions of both Debtors. On August 30, 2022, the Court entered an order providing for the joint administration of the Debtors' cases.[6]

In 2019, Krishnan Menon ("Menon") became the Chief Executive Officer of the Debtors. On July 19, 2019, Menon entered into an executive employment agreement (the "EEA") with Phe.No.

On March 11, 2021, Menon's employment with the Debtors was terminated. On July 20, 2021, Menon commenced an arbitration proceeding (the "Arbitration") against the Debtors and Gujral. In the Arbitration, Menon asserts claims against the Debtors for breach of the EEA, breach of the covenant of good faith and fair dealing, failure to pay wages, and intentional infliction of emotional distress. Menon has filed general unsecured Proofs of Claim against both Debtors (the "Claims"), each in the amount of $5.58 million, based upon the causes of action asserted in the Arbitration.

The Debtors, Gujral, and Phenomenon Holdings LLC ("Phenomenon Holdings"), on the one hand, and Menon, on the other hand, have reached a global settlement, which has been memorialized in the Separation Agreement. If the Separation Agreement is approved by the Court, third-party Phenomenon Holdings will pay a confidential amount to Menon (the

---

[4] Bankruptcy Rule 9018 authorizes the Court to seal information "[o]n motion or on its own initiative, with or without notice …."

[5] The Court reviewed the following pleadings in adjudicating this matter:
   1) Debtor's Motion for Order Authorizing Debtor to File Under Seal Settlement Agreement in Support of Motion Pursuant to FRBP 9019 to Approve Settlement Agreement Between Debtor Phenomenon Marketing & Entertainment, LLC, Joint Debtor Phe.No LLC, Creditor Krishnan Menon, and the Phenomenon Parties [Doc. No. 282] (the "Motion to Seal");
   2) Creditor Cappello Global, LLC's Objection to [Motion to Seal] [Doc. No. 285];
   3) United States Trustee's Objection to [Motion to Seal] [Doc. No. 301];
   4) Debtor and Joint Debtor's Reply to Creditor Cappello Global, LLC's Objection to Motion to File Under Seal Settlement Agreement [Doc. No. 290];
   5) Debtor and Joint Debtor's Reply to U.S. Trustee's Objection to Motion to File Under Seal Settlement Agreement [Doc. No. 302]; and
   6) Motion Pursuant to FRBP 9019 to Approve Settlement Agreement Between Debtor Phenomenon Marketing & Entertainment, LLC, Joint Debtor Phe.No LLC, Creditor Krishnan Menon, and the Phenomenon Parties [Doc. No. 279].

[6] Doc. No. 231.

"Settlement Amount"); in exchange, Menon will withdraw the Claims in both cases. Non-disclosure of the Settlement Amount is a "material term" of the Separation Agreement.[7]

The Debtors seek authorization to file an unredacted version of the Separation Agreement under seal. A redacted version of the Separation Agreement is already on file.[8] The information that the Debtors seek to file under seal includes (1) the Settlement Amount, including the percentage of the Settlement Amount allocable to Phenomenon Holding's purchase of Menon's shares in Phenomenon Holdings, and (2) provisions of the Separation Agreement that disclose information pertaining to Menon's prior employment and professional relationship with the Debtors and the other parties to the settlement.

Cappello objects to the Motion to Seal. It argues that creditors will not be able to determine the reasonableness of the Separation Agreement if the Settlement Amount is not disclosed.

The Debtors and Cappello are currently engaged in litigation before the Los Angeles Superior Court (the "State Court Action"). Phenomenon commenced the litigation on April 29, 2020 by filing a complaint against Cappello (the "State Court Complaint"). Subsequent to the commencement of the litigation, Phe.No also became involved. The State Court Complaint alleges that Cappello failed to diligently perform under an agreement in which Cappello was to provide Phenomenon financial advisory services. On March 2, 2022, the Court lifted the automatic stay to allow the State Court Action to proceed to final judgment.[9]

In reply to Cappello's objection to the Motion to Seal, the Debtors argue that Cappello's actual motive in opposing the sealing of the Separation Agreement is to gain an advantage in the State Court Action.

The UST also opposes the Motion to Seal. He argues that the Debtors have failed to describe the information sought to be filed under seal with sufficient particularity to enable the Court to determine whether public access to the information should be restricted. He further contends that the Debtors have not shown that the information they seek to seal falls within the scope of § 107(b).

## II. Findings of Fact and Conclusions of Law

Section 107(b) provides in relevant part: "On request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information." Bankruptcy Rule 9018 implements § 107, and provides in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Bankruptcy Rule 9018.

---

[7] Separation Agreement at ¶ 7.
[8] Doc. No. 279, Ex. 1.
[9] See Doc. No. 70 (order lifting the automatic stay) and Doc. No. 68 (ruling setting forth the reasons for lifting the automatic stay).

The Central Guide, which implements the Court's Local Bankruptcy Rules, establishes additional procedures for parties seeking to file information under seal. As relevant here, the Central Guide requires a party seeking to file information under seal to "describe the nature of the information that the party asserts is confidential (without disclosing the confidential information) and explain why the information should not be publicly disclosed."[10]

As noted above, the UST asserts that the Debtors have failed to sufficiently describe the information they seek to file under seal, as required by the Central Guide. The UST is correct that the Motion to Seal could have more thoroughly described the information sought to be filed under seal. However, the Court is inclined to accord parties some leniency with respect to this requirement, since as a practical matter it is often very difficult (if not impossible) to describe the nature of confidential information without simultaneously disclosing that confidential information. The Court has been able to discern the general nature of the confidential information from its review of the redacted Separation Agreement that is on file. The Court does not find it necessary to require the Debtors to provide a more particularized description of the confidential information before ruling upon the Motion to Seal.

Turning to the merits of the Motion to Seal, the Court finds that the information that the Debtors seek to file under seal constitutes "confidential … commercial information" within the meaning of § 107(b). Confidential commercial information is information that, if disclosed, would afford an "unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982).

Confidential commercial information qualifies for protection under § 107(b) even if it does not rise to the level of a trade secret. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). A party seeking a protective order under § 107 need not satisfy Civil Rule 26, which provides that a protective order may issue only "for good cause":

> When Congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show "good cause" as a condition to sealing confidential commercial information. This omission is particularly significant because FRCP 26(c), from which the language of § 107(b) appears to have been drawn, expressly required "good cause" to be established before a discovery protective order could be granted—even when the material sought to be protected was "a trade secret or other confidential research, development, or commercial information."

*Orion Pictures Corp.*, 21 F.3d at 28.

Protection under § 107 is mandatory upon a showing that the information at issue falls within a protected category:

> In other areas of the law, courts have relied on showings of "compelling reasons," or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries. Thus, if the information fits any of the specified categories, the court is

---

[10] The Central Guide, § 4, LBR 5003-2(c), *available at* https://www.cacb.uscourts.gov/the-central-guide/confidential-documents-court-permission-file-under-seal.

> *required* to protect a requesting interested party and has no discretion to deny the application. The discretion lies not in whether a court may protect an interested party, but in whether the matters complained of fall within the exception and in what type of protective remedy is necessary under the facts of each case.

*Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) (internal citations and quotation marks omitted); *see also Father M, et al. v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland in Oregon)*, 661 F.3d 417, 430–31 (9th Cir. 2011) ("[Section] 107 eliminates a court's discretion by making it mandatory for a court to protect documents falling into one of the enumerated exceptions…. Under § 107, the strength of the public's interest in a particular judicial record is irrelevant; if the exception pertains, the bankruptcy court must issue a protective order on a motion by the affected person or party.").

    Here, the confidential information at issue consists of (1) the Settlement Amount, including the percentage of the Settlement Amount allocable to Phenomenon Holding's purchase of Menon's shares in Phenomenon Holdings, and (2) provisions of the Separation Agreement that disclose information pertaining to Menon's prior employment and professional relationship with the Debtors and the other parties to the settlement. Disclosure of this information would provide competitors of the Debtors, as well as competitors of Phenomenon Holdings, an unfair competitive advantage by providing such competitors insight into (1) the parties' relationship with a prior executive, (2) the sensitive business issues that resulted in a breakdown of the relationship between the Debtors and a prior executive, and (3) the amount that Phenomenon Holdings was willing to pay to resolve a dispute with a prior executive.

    There is an additional reason why the Settlement Amount qualifies as "confidential … commercial information." For Chapter 11 debtors undergoing reorganization, it is common for courts to authorize the sealing of information regarding the compensation paid to key employees of the debtor (a plan providing such compensation is known as a "key employee retention plan" or "KERP"). *See, e.g.*, *In re Allied Holdings, Inc.*, 377 B.R. 716, 717–18, n.1 (Bankr. N.D. Ga. 2005) (sealing employee names and compensation data); *In re Georgetown Steel, LLC*, 306 B.R. 542, 546 (Bankr. D. S.C. 2004) (finding that publication of compensation data would "place Debtor at a competitive disadvantage" in retaining employees); *In re A123 Systems, Inc.*, Case No. 12-2859 [Doc. No. 247] (Bankr. D. Del. Nov. 6, 2012) (sealing employee names and compensation data); *In re Brookstone*, Case No. 14-10752 [Doc. No. 24] (Bankr. D. Del. Apr. 3, 2014) (same). The Settlement Amount is analogous to payments made by a debtor under a KERP—the Settlement Amount, like a KERP payment, is an expense associated with the employment of a critical employee. There are, of course, differences between a KERP payment and the Settlement Amount, the most significant being that a KERP payment secures the future services of a key employee, whereas the Settlement Amount is a payment resulting from a breakdown in the relationship between the Debtors and their former executive. However, for the purpose of determining whether the Settlement Amount should remain sealed, the similarities between the Settlement Amount and a KERP payment override the differences. The Court finds that the Settlement Amount, like a KERP payment, constitutes "confidential … commercial information" as defined by § 107(b).

    Cappello argues that if the Debtors are permitted to rely upon the redacted version of the Separation Agreement in connection with their forthcoming Bankruptcy Rule 9019 motion for approval of the Separation Agreement (the "Rule 9019 Motion"), creditors will be unable to

assess whether the terms of the Separation Agreement are reasonable to the estate. Cappello's argument is without merit. If the Rule 9019 Motion is granted, the Claims asserted against both Debtors by Menon, each in the amount of $5.58 million, will be withdrawn. Because the Settlement Amount will be paid by third-party Phenomenon Holdings, the costs of obtaining this significant benefit will not be borne by the Debtors. Therefore, the non-disclosure of the Settlement Amount does not prevent creditors from evaluating the reasonableness of the Separation Agreement.

It is also worth noting that Cappello and the Debtors remain engaged in contentious litigation pending before the State Court. It appears to the Court that Cappello's primary motivation in opposing the Motion to Seal is to gain a tactical advantage in the State Court Action, rather than any genuine concern regarding creditors' access to the redacted information in the Separation Agreement.

### III. Conclusion

Based upon the foregoing, the objections of the UST and Cappello are **OVERRULED**, and the Motion to Seal is **GRANTED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: January 20, 2023

Ernest M. Robles
United States Bankruptcy Judge